STATE OF NEW JERSEY BY NEW JERSEY STATE BOARD OF BARBER EXAMINERS, DEFENDANT IN CERTIORARI, v. PHILIP GARRUBO, PROSECUTOR.

Submitted October 3, 1939—Decided January 24, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the defendant in *certiorari, David T. Wilentz,* attorney-general, and *John F. Bruther,* assistant attorney-general, for the State of New Jersey.

For the prosecutor, *Anthony A. Calandra.*

The opinion of the court was delivered by

PORTER, J.   The writ of *cerliorari* brings up for review a conviction of the prosecutor in the First Criminal Court of Newark for displaying a price list for barber service in his barber shop in violation of section 1, of chapter 197 of *Pamph. L.* 1938.

The prosecutor argues that the testimony did not establish his guilt and moreover that the section of the statute in question is invalid because it is vague and indefinite in not defining a price list, that it is unconstitutional because an unreasonable and arbitrary exercise of the police power, because it takes property without due process of law, because it attempts to control prices for services not affected by the public interest.

The act of the legislature in question is a comprehensive regulation of the occupation of barbering. It provides for the creation of a State Board of Barber Examiners, the licensing of barbers, the methods of conducting the business, the regulation of barber schools and of barber apprentices, &c. This act was adopted for the protection of the public health as is indicated in its title.

We find nothing vague in its provisions that "it shall be unlawful to display any price list for barber services in or upon any part of premises." That clearly means that no signs indicating the charges for the various services shall be displayed.

The testimony in the case at bar was that a sign was displayed in the window of prosecutor's barber shop reading "Latest Haircut Style 25," that the words "Latest" and "Style" were very small, an inch or less in height, with the word "Haircut" and the figure "25" very much larger, six to eight inches in height. It seems quite apparent that one looking at this sign, especially from a distance, would be impressed with "Haircut 25," and the thought conveyed by the sign was that the price of a haircut in that shop was 25 cents. If that was not the meaning no explanation or testimony was given to the contrary. We conclude that the court was fully justified from the testimony in finding that the prosecutor had violated the provisions of the act as charged.

The object of the act is to raise the standard of the conduct of the barbering business by having clean and sanitary shops efficiently manned in the interest of the health and safety of the people. Doubtless the legislative purpose in prohibiting the posting of prices was to further those objects by stifling competition and to control prices.

But, however that may be, we are of the opinion that forbidding the display of price lists for barber services in barber shops is clearly an unreasonable and arbitrary exercise of the police power. It has no relation to the public health, morals, or to the general welfare.

It is an unlawful, unreasonable and unnecessary interference with private business. The section of the act in question deprives the barbers of their property without due process of

law in violation of the Fourteenth Amendment to the Federal Constitution and is therefore unconstitutional.

For the same reasons this court has recently held unconstitutional a statute prohibiting the display of signs showing prices of motor fuel by dealers. It is directly in point. *Regal Oil Co.* v. *State,* 123 *N. J. L.* 456.

The judgment under review is set aside, but without costs.