HANNAH HAIGH *vs.* STATE BOARD OF HAIRDRESSING.

MARCH 31, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.  This cause is before us on appeal from a decision and decree of the superior court denying and dismissing the appeal of Hannah Haigh, hereinafter referred to as the licensee, from a decision and order of the state board of hairdressing, hereinafter referred to as the board, which suspended her license to operate as a hairdresser.  It is also here on the licensee's bill of exceptions to said decision and decree on the ground that they are against the law.

The cause was heard in the superior court on an agreed statement of facts which are substantially as follows.  On October 5, 1948 the licensee was notified by the board to appear before it to show cause why her license to operate as a hairdresser should not be revoked.  The charge against her was that on September 30, 1948 she had caused to be placed in the Rhode Island Pilot, a newspaper published in this state, an *advertisement* that she would give a "permanent wave" for $3.50, which was under the minimum price of $7.50 set by the board.  At the hearing before the

board the licensee offered no testimony. She admitted the placing of the advertisement complained of and the giving of "permanent waves" below the minimum price. However, she claimed that the statute under which she was charged was unconstitutional and moved for dismissal of the complaint on that ground. This motion was denied. Thereupon after consideration the board on November 22, 1948 found that the licensee had violated public laws 1942, chapter 1229, sec. 6, as amended, in that she had advertised her price for a "permanent wave" at a figure below the minimum set by the board.

From that decision an appeal was taken to the superior court where she admitted that there was no irregularity in the proceedings before the board. But she contended that the board had no constitutional power to set minimum prices and that its action in penalizing the licensee was illegal. Specifically she now urges this court to declare that P. L. 1942, chap. 1229, secs. 6 and 13, are unconstitutional and void in that they violate the due process clause of article XIV, section 1, of amendments to the constitution of the United States, and that they further violate that clause of article I, sec. 10, of the constitution of Rhode Island, which reads as follows: "nor shall he be deprived of life, liberty, or property, unless by the judgment of his peers, or the law of the land."

The licensee has filed both an appeal and a bill of exceptions. The board contends that the cause is properly here only on licensee's bill of exceptions and cannot be reviewed on a proceeding by way of appeal. We will therefore first determine the proper procedure to bring this cause before us for review.

An appeal to the superior court from any decision or order of the board is provided for by P. L. 1942, chap. 1229, sec. 7. No provision is made therein that such appeal shall be in the nature of a proceeding following the course of equity. Nor is there any such provision regulating a review by this court. We are therefore of the opinion that the

appropriate procedure for review in the instant cause is by bill of exceptions and is governed by general laws 1938, chap. 542, §1, which provides: "The accused in a criminal proceeding, and any party to a civil action, or any person interested in a probate or other appeal, heard on its merits by the superior court without a jury, aggrieved by a ruling, decision or finding of the court upon any issue of fact or matter of law, or upon a motion for a new trial for newly discovered evidence, may *except thereto*." (italics ours) We shall treat this cause, therefore, as if it were before us soley on licensee's bill of exceptions. *Pavou* v. *Flora,* 64 R. I. 162; *Round* v. *Manning,* 69 R. I. 354.

The board contends further that the licensee has not properly brought before this court the constitutional questions which she seeks to have answered. We agree with this contention as to sec. 13 of chap. 1229, but not as to sec. 6. The former relates to the power of the board to establish minimum charges, while the latter prohibits *any advertisement* of prices, fees or charges, rates or reduced prices for performing or rendering any operation or service.

While the appeal to the superior court attacked the constitutionality of both secs. 6 and 13 and set forth, in compliance with the requirements of our previous decisions, the particular clauses of the federal and state constitutions which the licensee sought to invoke, an examination of the agreed statement of facts discloses that her license was suspended for violation of the provisions of sec. 6 *alone.* Originally sec. 13 was included in such agreed statement, but it has been deleted therefrom. We are therefore of the opinion that the constitutionality of sec. 13 is not involved herein. Following the well-known rule that courts will not determine constitutional questions unless indispensable to a proper disposition of any particular case, we shall not at this time express any opinion upon the constitutionality of sec. 13.

The constitutionality of chap. 1229, sec. 6, however, was properly raised upon the record before the superior court,

both in the claim of appeal and in the agreed statement of facts upon which the cause was decided, and a determination of the constitutionality of such section appears to be necessary to effectuate a proper disposition of this cause. We shall therefore consider separately the constitutionality of this section, so far as it is alleged to be violative of that particular clause of article I, sec. 10, of the constitution of Rhode Island referred to above and the due process clause of article XIV, section 1, of amendments to the constitution of the United States.

This court has held that article I, sec. 10, of the Rhode Island constitution is narrower in scope than the fourteenth amendment to the constitution of the United States and also that it applies only in favor of persons accused of crime. *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291; *Sepe* v. *Daneker,* 76 R. I. 160. The licensee herein is not accused of crime but merely of a violation of the rules of the board, for which the only penalty imposed was the suspension of her license to operate as a hairdresser. We are of the opinion therefore that article I, sec. 10, of the constitution of this state has no application in the instant cause.

We shall now consider licensee's contention that chap. 1229, sec. 6, violates the due process clause of article XIV, section 1, of amendments to the United States constitution, which reads in part as follows: "nor shall any state deprive any person of life, liberty, or property, without due process of law * * *." It is well settled that generally business and occupations are subject to regulation under the police power, but such regulation must not be unreasonable or arbitrary. This police power is subject to the limitation that its exercise must be reasonable, in the public interest, and for the public welfare.

Section 6 here under consideration prohibits *any advertising* of prices to be charged for services. We find substantial authority to the effect that such prohibition is in excess of the exercise of the police power of the state and consequently is unconstitutional.

In discussing the exercise of the police power this court in *Amitrano* v. *Barbaro,* 61 R. I. 424, at page 428, used the following language: "The power, however, is not limitless, but must be exercised in such a way as to bear a real and substantial relation to public health, safety, morals or general welfare, in connection with the subject being dealt with. 'To justify the state in thus interposing its authority in behalf of the public, it must appear—First, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.' *Lawton* v. *Steele,* 152 U. S. 133 at page 137." While the *Amitrano* case had reference to the occupation of barbering, this court stated in *State* v. *Conragan,* 58 R. I. 313, at page 319, that the occupation of barber and that of hairdressing and cosmetic therapy, while affecting different elements in the community, are kindred subjects. Several of the cases to which we shall hereinafter refer are based upon this analogy.

In *State* v. *Johannes,* 194 Minn. 10, which is quoted with approval by this court in *Amitrano* v. *Barbaro, supra,* the following language appears: "Insofar as such ordinances may provide reasonable sanitary standards, regulation, and inspection, the public interest is involved and is vitally affected. There it stops, and private rights need yield no further. The public interest is not further involved. We hold that the ordinance before us, insofar as it fixes the hours when barbershops may be open for business, is invalid as in violation of the due process clauses of our own and the federal constitution. That feature of the ordinance bears no legitimate or reasonable relation to the public health or general welfare."

In *State* v. *Danberg,* 40 Del. 136, where a barber was convicted of advertising prices, the indictments were ordered quashed. The court at page 147 used the following language: "It seems clear that the duties imposed upon

those who conduct the business of barbering, are not only unnecessary for the protection of the public health, safety or welfare, but are an unjust and unreasonable discrimination against those who engage in that business; and that the Act violates Article 14 of the Amendments to the Constitution of the United States and Section 7 of Article I of the Constitution of this State."

In *State* v. *Garrubo*, 124 N.J.L. 19, the court held that a statute forbidding display of a price list for barber services in a barbershop was invalid as an unreasonable and arbitrary exercise of the police power, having no relation to the public health, morals or general welfare. And in *Regal Oil Co.* v. *State*, 123 N.J.L. 456, where the petitioner was convicted in a summary proceeding of unlawfully and illegally using and displaying a sign relating to the price at which it sold motor fuel, the judgment was set aside on the ground that the statute under which it was convicted bore no substantial relation to public health, morals or other phase of the general welfare; that it unlawfully interfered with and imposed unreasonable and unnecessary restrictions upon petitioner's private business, thus depriving petitioner of its property without due process of law in violation of the fourteenth amendment to the federal constitution; and that it was therefore unconstitutional.

It should be noted here that sec. 6, which the licensee is charged with violating and under the provisions of which her license to operate as a hairdresser was suspended, forbids *any advertisement* of price or charges. Assuming without deciding that the board had the right to fix minimum prices, then the provision of sec. 6 under which the board acted would prevent the licensee from informing the public of the prices she was charging, even if such prices conformed in every respect to the minimum prices fixed by the board as legal. Clearly such a prohibition is arbitrary, unreasonable and unduly oppressive because it bears no substantial and reasonable relation to the public health, morals or other phase of the general welfare.

For the purposes of the instant cause the question whether the licensee charged prices below the minimum fixed by the board is not material because the license was not suspended on that ground and the section of the statute under which the board acted prohibits *all* advertising without regard to whether the prices advertised were within or without the limits fixed legally by the board. Mere advertising in order to give the public an opportunity to make a comparison of prices, as is done in the case of other commodities or services, appears to us to be in the public interest rather than against it.

In the circumstances and on the narrow issue which is before this court in the instant cause we are of the opinion that P. L. 1942, chap. 1229, sec. 6, so far as it prohibits the advertising of prices, fees, charges or rates for performing or rendering any operation or service in the hairdressing business, is unconstitutional and void as being contrary to the provisions of article XIV, section 1, of amendments to the constitution of the United States in that it constitutes an arbitrary and unreasonable restriction on the licensee's liberty of contract and a taking of her property without due process of law.

Since we have decided that this cause is not properly before us on appeal, such appeal is denied and dismissed. The licensee's exceptions, however, are sustained, the order suspending her license to operate as a hairdresser is reversed, without prejudice, however, to the right of the board hereafter to enforce other lawful provisions of public laws 1942, chapter 1229, if the licensee is found to have violated any of them, and the cause is remanded to the superior court for further proceedings.

*Israel Moses,* for Hannah Haigh.

*William E. Powers,* Attorney General; *Robert A. Coogan,* Assistant Attorney General, for state.

*James E. Brothers,* for board.

*William B. Sweeney, Raymond E. Jordan, Everett D. Higgins,* amici curiae.